ORIGINAL

# United States Court of Federal Claims

No. 18-0006 C
Filed: January 31, 2018

|  |  |
|---|---|
| CEDRIC TYRONE WALKER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

*Pro Se*; Lack of Subject Matter of Jurisdiction; *In Forma Pauperis* Application

FILED
JAN 3 1 2018
U.S. COURT OF FEDERAL CLAIMS

**ORDER**

***SMITH*, Senior Judge**

On January 2, 2018, plaintiff, proceeding *pro se*, filed a complaint in this Court and concurrently filed an *in forma pauperis* application seeking leave to proceed without paying the Court filing fee. Plaintiff, a prisoner incarcerated in Florida, alleges that the Federal Bureau of Prisons in Lewisburg, Pennsylvania subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights. Mr. Walker is seeking compensatory and punitive damages, as well as a trial by jury.

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

Upon *sua sponte* review, this Court finds plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. The Eighth Amendment is "not a money-mandating provision," and, accordingly, this Court lacks jurisdiction over Mr. Walker's claims of cruel and unusual punishment. *Edelmann v. United States,* 76 Fed. Cl. 376, 383 (2007); *see also Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam); *Hardin v. United States*, 123 Fed. Cl. 667, 671 (2015). The Court has no authority to decide

7016 3010 0000 4308 3808

plaintiff's case, and therefore must dismiss the Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

In consideration of the above, the motion to proceed *in forma pauperis* is **GRANTED** and plaintiff's complaint is **DISMISSED**, pursuant to RCFC 12(h)(3). The Clerk is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

_____
Thomas C. Wheeler, Judge
For Loren A. Smith, Senior Judge